IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**JOSEPH LAUDERMILK** and **GEORGE ARNOLD**,
*Individually, on behalf of themselves and on behalf of others similarly situated*,

    Plaintiffs,

v.

**HANKOOK ATLASBX AMERICA CORP.**,
*a Tennessee Corporation,*

    Defendant.

Case No. _____

JURY TRIAL DEMANDED
FLSA Opt-In Collective Action

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiffs Joseph Laudermilk and George Arnold ("Plaintiffs"), individually, and on behalf of all other similarly situated hourly-paid production employees of Hankook AtlasBX America Corp. ("Hankook"), by and through counsel, brings claims for overtime violations as a Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA") against Hankook. Plaintiffs, upon information and belief and based upon the investigation made by counsel, allege as follows:

### I. JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because Hankook conducts

1

business within this District. In addition, the events, commissions, inactions and omissions giving rise to the claims pleaded in this Collective Action Complaint occurred within this District.

## II. PARTIES

3. Plaintiffs have been, at all material times, residents of Tennessee and worked as hourly-paid production employees for Defendant at its battery production facility in Clarksville, Tennessee during the three (3) year period immediately preceding the filing of this Collective Action Complaint (hereinafter "Violation Period"). Plaintiff Laudermilk and Plaintiff Arnold were employed by Hankook as hourly-paid machine operators. Plaintiffs' Consents to Join this Collective Action as Named Plaintiffs are attached hereto as *Exhibit A*.

4. Plaintiffs were/are "employees" as defined by the FLSA and worked as hourly-paid production employees of Hankook during the Violation Period.

5. Defendant Hankook AtlasBX America Corp. is a Tennessee Corporation with its principal address being 1325 International Blvd Clarksville, TN 37040. Hankook is an employer, as defined in 29 U.S.C. § 203(d) and can be served process via its registered agent: Mark W. Smith, located at 832 Georgia Ave, Ste 1200, Chattanooga, TN 37402-2285.

## III. FACTUAL BACKGROUND

6. Hankook classified all putative class members as non-exempt under the FLSA and paid them an hourly rate. Plaintiffs shared the same or similar compensation and other work-related plans, policies and practices with the putative class.

7. Plaintiffs and the putative class were typically scheduled to work at least forty (40) hours per week, but at times worked additional hours, including overtime hours in excess of forty (40) hours per week.

## Hankook Did Not Properly Pay Its Covered Employees.

8. Plaintiffs and other similarly situated employees were not paid one-and one half time times their regular rate of pay for all time worked in excess of forty (40) hours per workweek, as required by the FLSA.

9. Defendant did not count breaks of fifteen (15) minutes or less as hours worked. While these breaks were paid at a straight time rate, Defendant did not count them as hours worked for the purposes of calculating overtime hours. This policy and/or practice resulted in the nonpayment of overtime compensation as Plaintiffs and putative class members typically worked in excess of forty (40) hours per workweek.

10. Defendant also compensated time spent in mandatory "post-shift" showers, which are required to remove toxic lead particles, at a straight time rate. These "post-shift" showers typically took ten (10) to fifteen (15) minutes. This policy and/or practice resulted in the nonpayment of overtime compensation as Plaintiffs and putative class members typically worked in excess of forty (40) hours per workweek.

11. 29 C.F.R. § 785.18 provides that "rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. They must be counted as hours worked. Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time."

12. The aforementioned "post-shift" showers were/are an integral and indispensable part of Plaintiffs' and other similarly situated covered employees' job requirements and duties during the Covered Period. *See, e.g., Steiner v. Mitchell*, 350 U.S. 247 (1956).

13. The net effect of Hankook's common plan, policy and practice of failing to pay Plaintiff and other similarly situated covered employees for all overtime pay for work performed, was a scheme to save payroll costs and payroll taxes for which Hankook has unjustly enriched itself and has enjoyed ill gained profits at the expense of Plaintiffs and other similarly situated members of the class.

14. Considering that Plaintiffs and other similarly situated covered employees worked forty (40) or more hours during weekly pay periods of the Violation Period for Hankook, had Plaintiffs' time worked been properly counted as hours worked, such time would have been added to their overtime hours and treated as overtime for purposes of calculating and computing overtime compensation under the FLSA.

**Hankook Knew It Did Not Properly Pay Its Covered Employees.**

15. Hankook failed to pay Plaintiffs and other similarly situated employees for all hours actually worked, including overtime wage compensation for such hours worked in excess of forty (40) per week within weekly pay periods during the violation period, as required by the FLSA.

16. Hankook's common plans, policies and practices of failing to compensate Plaintiffs and other similarly situated covered employees for all hours worked (as described above), including overtime hours at the required overtime rate, violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1). As a result of Hankook's unlawful practices, it benefited from reduced labor and payroll costs.

17. As a result of Hankook's improper and willful failure to pay Plaintiff and other similarly situated employees in accordance with the requirements of the FLSA, they have suffered lost wages, overtime compensation and other damages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

18. Plaintiffs bring this case as a collective action on behalf of themselves and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid wages, unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, attorneys' fees and costs, and other damages owed.

19. The proposed collective class of similarly situated persons is defined as:

> All current and former hourly-paid production employees of Hankook AtlasBX America Corp. who worked at Defendant's battery production facility in Clarksville, Tennessee for at least one full workweek during the three (3) year period immediately preceding the filing of this Collective Action Complaint.

20. This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to Hankook's common plans, policies and practices of failing to pay them compensation at one-and one-half times their regular hourly rate of pay for all such overtime work in excess of forty (40) per week within weekly pay periods during the Violation Period.

21. Hankook required, forced, induced, encouraged, expected and, suffered or permitted, Plaintiffs and other similarly situated employees to work hours during weekly pay periods of the Violation Period without full compensation and, to work more than forty (40) hours per week during weekly pay periods of the Violation Period, without being paid all overtime compensation, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.315.

22. Hankook knew Plaintiffs and other similarly situated employees' work, as described above, required additional overtime compensation to be paid them. Nonetheless, Hankook

5

operated under the aforementioned centralized and common plans, policies and practices (schemes) to deprive Plaintiffs and other similarly situated covered employees of wages and overtime compensation as required by the FLSA.

23. Plaintiffs believes the definition of the class could be further refined following discovery of Hankook's records.

24. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

25. Plaintiffs' claims are typical of the claims of the class. Plaintiff and the other members of the class who work or have worked for Hankook are and were subject to its same and common operational, compensation and timekeeping plans, policies and practices, including Hankook's common plan, policy and practice of not counting all hours worked.

26. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

- Whether Plaintiffs and other members of the class were expected, induced and/or required to work without being compensated at the necessary overtime rate of pay;

- Whether Hankook suffered and permitted Plaintiffs and other members of the class to work without being compensated at the necessary overtime rate of pay within weekly pay periods during the relevant statutory limitations' period;

- The correct statutes of limitations;

- Whether Plaintiffs and other members of the class are entitled to damages from Hankook, including but not limited to liquidated damages, and the measure of the damages; and,

- Whether Hankook is liable for interest, attorneys' interest, fees, and costs to Plaintiffs and other class members;

6

27. Plaintiffs will fairly and adequately protect the interests of the class as their interests are aligned with those of the other members of the class. Plaintiffs have no interests adverse to the class and, they have retained competent counsel who are experienced in collective action litigation.

28. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual other members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

29. Plaintiffs and other members of the class have suffered and will continue to suffer irreparable damage from the previously described unlawful policies, practices, and procedures implemented and administered by Hankook.

30. Hankook's conduct, as alleged herein, was willful and has caused significant damage and loss of wages and overtime compensation to Plaintiffs and other similarly situated covered employees. Hankook lacked a good faith basis for its failure to Plaintiffs and class members all overtime compensation lawfully due.

31. Hankook is liable under the FLSA for failing to properly compensate Plaintiffs and other similarly situated covered employees. Plaintiffs request the Court to authorize notice to the members of the collective class, to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid wages, unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

32. Plaintiffs estimate there are approximately several hundred members of the collective class. The precise number of collective class members can be easily ascertained by using Hankook's payroll and personnel records. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in Hankook's battery production facility in Clarksville, Tennessee.

## CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

33. Plaintiffs incorporate by reference all preceding paragraphs as fully as if written herein.

34. Plaintiffs and other current and former Covered Employees of Hankook are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

35. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

36. Plaintiffs and other similarly situated employees of Hankook regularly performed work duties without being compensated at the FLSA's required overtime rate during weekly pay periods of the Violation Period.

37. Through its common plans, policies, practices and actions, Hankook violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and other similarly situated individuals for all actual hours worked, including overtime hours worked.

38. The unpaid wage claims of Plaintiffs and other similarly situated employees are unified through a common theory of FLSA violations.

39. The foregoing actions of Hankook violated the FLSA.

40. Hankook's actions were willful and not in good faith.

41. As a direct and proximate cause of Hankook's unlawful conduct, Plaintiffs and other similarly situated employees have suffered and will continue to suffer a loss of income and other damages.

42. Hankook is liable to Plaintiffs and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and the class demand that the Court enter judgment in their favor on this Collective Action Complaint and:

a. Award judgment in favor of Plaintiffs and other similarly situated employees against Hankook for an amount equal to Plaintiffs' and collective action members' unpaid back wages pursuant to the applicable wage and overtime rates;

b. For certification of and notice to the collective class as further defined and determined by motions practice;

c. Find and declare that Hankook's violations of the FLSA were willful and, accordingly, the three-year statute of limitations under the FLSA applies to this action;

d. Award Plaintiffs and members of the collective class liquidated damages in accordance with the FLSA;

e. Award prejudgment interest (to the extent that liquidated damages are not awarded);

f. Award Plaintiffs and the collective class reasonable attorneys' fees and all costs of this action, to be paid by Hankook, in accordance with the FLSA;

g. Award post-judgment interest and court costs as further allowed by law;

h. Provide additional general and equitable relief to which Plaintiffs and the class may be entitled; and,

i. Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs hereby demand a **trial by jury** as to all issues.

Dated: February 2, 2021.   Respectfully Submitted,

*s/ J. Russ Bryant*
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

and

Nina Parsley (TN BPR #23818)

**PONCE LAW**
400 Professional Park Drive
Goodlettsville, TN 37072
*nina@poncelaw.com*

*Attorneys for Plaintiff
and those similarly situated*