## SETTLEMENT AND RELEASE AGREEMENT

**WHEREAS,** Joseph Laudermilk and George Arnold ("Named Plaintiffs") filed a lawsuit against Hankook & Company ES America Corp., previously known as Hankook AtlasBX America, Corp., ("Hankook ES") styled <u>Joseph Laudermilk and George Arnold, Individually, and on behalf of themselves and on behalf of others similarly situated, v. Hankook AtlasBX America, Corp.</u>, Case No. 3:21-cv-00076 in the United States District Court for the Middle District of Tennessee (the "Lawsuit"), seeking damages and asserting claims relating to alleged non-payment of wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA");

**WHEREAS,** the forty-eight (48) current and former employees of Hankook ES listed in Appendix A filed a Consent to Join the Lawsuit ("Opt-in Plaintiffs") (collectively with Named Plaintiffs the "Plaintiffs");

**WHEREAS,** Hankook ES denies that it violated any law or otherwise acted inappropriately toward Plaintiffs in any way and believe that Plaintiffs' Lawsuit and claims are without merit but recognizes the costs, risks, and delay of continued litigation;

**WHEREAS,** Named Plaintiffs and their counsel have conducted an investigation and evaluation of the facts and law relating to the claims asserted in the Lawsuit and believe, in view of the costs, risks, and delay of continued litigation balanced against the benefits of settlement, that the settlement as provided in this agreement is in the best interests of all;

**WHEREAS,** Plaintiffs and Hankook ES (collectively the "Parties") engaged in formal and informal discovery regarding the hours worked and pay of Plaintiffs, and the Parties also engaged in a day-long mediation with mediator Reid Estes on February 10, 2022 during which the Parties arrived at an agreement to settle the Lawsuit on the basis described herein;

**WHEREAS,** there is a bona fide factual dispute regarding amounts allegedly owed to Plaintiffs, and all other matters of liability and damages, the Parties believe it to be in their respective best interests to enter into this Settlement and Release Agreement ("Agreement" or "Release") to resolve fully and finally all differences between them that are or could have been the subject of the Lawsuit or that otherwise have arisen up until the date of the execution of this Agreement and that the settlement provided in this Settlement Agreement represents a fair, reasonable, and adequate resolution of the Lawsuit; and

**THEREFORE,** in consideration of the mutual promises in this Agreement, the Parties agree as follows:

**1.** **<u>Payments</u>.**

A. Hankook ES agrees to pay the total gross amount of Thirty-Four Thousand Dollars and 00/100 Cents ($34,000.00) in full and final settlement of this matter.

B. Of the total gross amount listed above, Hankook ES will pay Plaintiffs the amounts shown on Appendix A to this Agreement (the "Net Fund"). One-half of each Plaintiff's proportionate share of the Net Fund will be paid and reported as wages for tax purposes, minus

appropriate withholdings, with the Plaintiffs receiving an IRS Form W-2, and one-half will be treated as a settlement of their claims for liquidated damages, exemplary damages, and interest, and will be paid and reported on an IRS Form 1099.

      C.      Of the total gross amount listed above, Hankook ES will pay Named Plaintiffs the sum of $2,000.00 total ($1,000.00 to each Named Plaintiff) for their services in bringing the lawsuit and which will be paid and reported on an IRS Form 1099. This amount is included on the amounts payable to Named Plaintiffs in Appendix A.

      D.      Of the total gross amount listed above, Hankook ES will pay the sum of $14,735.16 total ($10,000.00 attributed to attorney's fees and $4,675.16 attributed to costs and expenses) to JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT ("Plaintiffs' Counsel), for attorney's fees and costs and expenses associated with the Lawsuit. The amount set forth herein is in full and complete settlement of all attorneys' fees, costs and expenses to be paid by Hankook ES to Plaintiffs, Named Plaintiff, and Plaintiffs' Counsel in settlement of the Lawsuit. Hankook ES agrees that the agreed upon fees and costs are reasonable and Hankook ES shall not require Plaintiffs' counsel to separately petition for fees and costs. If the Court requires Plaintiffs' counsel to separately petition for fees and costs, Hankook ES shall not oppose Plaintiffs' efforts to obtain approval of the agreed upon fees and costs, including any motion for reconsideration or appeal of a denial of fees and costs.

      E.      Hankook ES will deliver the payments described in this Section to Plaintiffs' Counsel at 262 German Oak Drive, Memphis, Tennessee 38018, within twenty-one (21) days after the Lawsuit is dismissed with prejudice and Defendants receive any necessary IRS Form W-9s from Plaintiffs' Counsel. The checks will not be individually sealed.

      F.      As additional consideration Hankook ES agrees to pay the Mediator's fees.

**2.** **<u>Lost or Misdirected Payments.</u>** Plaintiffs shall have 90 days from the date of payment to negotiate settlement checks. If a Plaintiff's check is lost, destroyed, or otherwise unusable, the payee may notify Hankook ES, through counsel, within 90 days of the date of payment and Hankook ES will, upon verification that the original check has not been negotiated, issue a replacement. The payee shall have 90 days from the date of issuance to negotiate the replacement check. Hankook ES shall give Plaintiffs' Counsel notice of names of Plaintiffs with uncashed checks 70 days after the date of payment so that Plaintiffs' Counsel can follow up with Plaintiffs to determine whether Plaintiffs need to request a new check to be issued.

**3.** **<u>No Effect on Other Benefits</u>**. The Parties agree that settlement payments under this Settlement shall not be considered compensation or hours of service or otherwise affect the calculation of benefits or eligibility under any employee benefit plans sponsored by Hankook ES, including but not limited to vacation pay, holiday pay, pension, or retirement plan contributions.

**4.** **<u>Dismissal of All Claims with Prejudice</u>.** The Parties' settlement is contingent upon approval by the Court. The Parties agree to submit a joint motion requesting approval of the terms of this Agreement and dismissal of the claims of Plaintiffs with prejudice. If the Court does not approve this Agreement or approves it subject to conditions or modifications which are

not acceptable to both Parties, the Parties shall attempt to negotiate in good faith in order to modify the Agreement in a form acceptable to both the parties and the Court.

**5.      Release of Claims.** In exchange for the payments set forth above, Plaintiffs, and each of their heirs, estates, executors, administrators, assigns, transferees and representatives, hereby release and forever discharge Hankook ES, their present or former owners, parents, subsidiaries, officers, directors, managers, employees, agents, consultants, successors, assigns, transferees, representatives, and any affiliate corporations, parents, subsidiaries, business entities, and insurers, from any and all claims, rights, demands, liabilities and causes of action of every nature and description which were brought in the Lawsuit, accruing from the beginning of time through the date the last Named Plaintiff executes this Agreement. This release is limited to all of Plaintiffs' claims for alleged failure to properly pay overtime or to properly compensate employees for all hours worked, including for alleged unpaid drive time, charting and paperwork completion time, and any other alleged off-the-clock work performed by Plaintiffs for Hankook ES, but includes all monetary damages, liquidated damages, interest, attorneys' fees, costs, and punitive damages associated with those claims, pursuant to:

(1)   the Fair Labor Standards Act (29 U.S.C. § 201, *et seq*.); and

(2)   the laws of any state, county, municipality or other governmental subdivision of the United States or any state, including but not limited to, the State of Tennessee regarding failure to pay wages or overtime wages.

**6.      Non-Disparagement; Neutral Reference; No Publication.** Neither Party shall make any statement, including any statements on any social media platform, that could reasonably be construed as disparaging to the other Party. Hankook ES shall not make any statement or take any action intended to or reasonably likely to dissuade any prospective employer from hiring Plaintiffs. If a reference from a prospective employer is sought from Hankook ES, Hankook ES shall provide the reference within a reasonable time and that is consistent with Hankook ES's existing policy as it relates to references.

**7.      No Admission of Liability; Inadmissibility of Agreement.** This Agreement shall not in any way be construed as an admission by Hankook ES of any liability whatsoever or as an admission by Hankook ES of any acts of wrongdoing, misclassification, or discrimination against Plaintiffs or any other persons. In fact, Hankook ES specifically disclaims improper wage payments, or any liability and wrongdoing. Hankook ES affirmatively states that it has fully complied with all applicable statutes, regulations, and ordinances. The terms of this Agreement will not establish any precedent, nor will this Agreement be used as a basis to seek or justify similar terms in any subsequent situation. This Agreement shall not be offered, used, or admitted into evidence in any proceeding or litigation, whether civil, criminal, arbitral, or otherwise, except for any actions to enforce the terms of this Agreement, unless ordered to produce this Agreement by a court of law.

**8.      No Assignment.** Named Plaintiffs represent and warrant that they have not assigned to a third party any of their current or potential claims against Hankook ES.

**9.     Knowing and Voluntarily Release:** Named Plaintiffs acknowledge and agree that they have had sufficient time to consider this Agreement and to consult with legal counsel of their choosing considering its meaning and significance.  When entering into this Agreement, Named Plaintiffs have not relied on any representations or warranties made by the Parties, other than representations and warranties expressly set forth in this Agreement.

**10.     Choice of Law:** This Agreement is deemed by the Parties to be made and entered into in the State of Tennessee.  It shall be interpreted, enforced, and governed under the laws of Tennessee.

**11.     Waiver:** Any failure by any Party to insist upon the strict performance by the other Party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**12.     Binding Agreement:** This Agreement shall be binding upon, and inure to the benefit of, the Parties and their affiliates, agents, employees, beneficiaries, heirs, executors, administrators, successors, and assigns.

**13.     Cooperation Clause:** The Parties acknowledge that it is their intent to consummate the settlement described herein, and they agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Agreement.

**14.     Entire Agreement:** This Agreement contains the entire Agreement between the Parties, and it replaces any prior agreements or understandings between the Parties.  All modifications to this Agreement must be made in writing and signed by the Parties.

**15.     Severability:** The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

**16.     Captions:** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**17.     Remedy for Breach:** If either Party believes that there has been a violation of this Agreement, including but not limited to violations of any of the obligations set forth in this Agreement, then that Party may present this Agreement to the United States District Court Middle District of Tennessee, for purposes of obtaining injunctive and/or monetary relief, as well as damages arising from any breach, including legal fees and costs. The Parties agree that whether a violation of this Agreement has occurred shall be determined by a court of competent jurisdiction.

**18.     Signature:** The Parties agree that a signed and faxed copy or signed and emailed copy of this Agreement is just as valid as an original signed copy of this Agreement.  The Parties further agree that this Agreement may be signed in multiple counterparts, each of which is an original.  Should multiple counterparts exist, she will be provided to all Parties for their records.

**19.** **Construction:** This Agreement is deemed to have been drafted jointly by the Parties and, in the event of a dispute, will not be construed in favor of or against any Party by reason of that Party's contribution to the drafting of this Agreement.

**WHEREFORE**, to signify their agreement to the terms of this Settlement and Release Agreement, which consists of five (5) typewritten pages, the Parties have executed this Settlement and Release Agreement and on the date(s) set forth below.

_____   _____
JOSEPH LAUDERMILK, individually and        Date
on behalf of Opt-In Plaintiffs

_____   _____
GEORGE ARNOLD, individually and        Date
on behalf of Opt-In Plaintiffs


FOR HANKOOK & COMPANY ES
AMERICA CORPORATION

_____   _____
                                               Date
By:_____

Title:_____

# Appendix A

| NAME | ALLOCATION |
|---|---:|
| Allen, Byron | $1,382.13 |
| Arnold, George | $279.89 |
| Arnold, Samnise | $5.00 |
| Black Melissa | $236.56 |
| Boyd, Kevin | $5.00 |
| Brier, Marissa | $5.00 |
| Brown, Marion | $490.60 |
| Dickerson, Johnny | $346.34 |
| Ebert, Tabitha | $5.00 |
| Fisher, Charles | $579.64 |
| Frazier, Christopher | $569.10 |
| Graves, Sylvia | $437.58 |
| Greene, Richard | $41.26 |
| Gurley, Zackery | $246.40 |
| Haggard, Amarius | $459.94 |
| Howard, Keon | $56.05 |
| Jackson, Carlos | $898.23 |
| Jones, Larry | $49.28 |
| Laudermilk, Joseph | $283.18 |
| Lee, Antonio | $1,805.78 |
| Mallari Jr, Angel | $1,583.11 |
| McKay, Anthony | $487.01 |
| McKeithen, DeAndre | $180.68 |
| Mimms, Steven | $322.38 |
| Moore, James | $5.00 |
| Moore, Kenneth | $197.06 |
| Nelson, Keanan | $517.85 |
| O'Haver, Maren | $5.00 |
| Osborne, Rena | $161.41 |
| Pace, Sue | $254.20 |
| Paradis, Corey | $197.12 |
| Pearson, Chiffon | $5.00 |
| Perry, Tasha | $36.14 |
| Pollard, ShaQuarron | $905.42 |
| Quinter, Marcus | $5.00 |
| Reed, Kahlil | $69.00 |
| Reed, Terry | $5.00 |

| | |
|---|---:|
| Roberts, Tamara | $225.06 |
| Schrier, Omar | $273.88 |
| Seaman, Mary Frances | $114.98 |
| Shay, Zane | $105.14 |
| Shelton, Jahmal | $5.00 |
| Simon, Vicki | $778.84 |
| Stewart, Ricky | $722.14 |
| Stewart, Terrence | $537.95 |
| Sumpter, Matthew | $1,025.84 |
| Turner, Calvin | $407.69 |
| Westbrooks, Craig | $5.00 |
| Wright, Michael | $5.00 |